UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:14-cr-179-MOC-2

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| CARLOS SOTO, | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on Defendant's pro se Motion for Compassionate Release/Reduction of Sentence. (Doc. No. 66). The Government has responded in opposition to the motion.

## I. BACKGROUND

Defendant was convicted in this Court of possession with intent to distribute methamphetamine, 21 U.S.C. § 841(a)(1). (Doc. No. 45 at 1: PSR). Defendant committed the federal methamphetamine-trafficking offense when he flew from California to the Charlotte area with approximately ten pounds of methamphetamine in a false bottom of a suitcase. (Id. at 4). Defendant was later caught with the methamphetamine. (Id.). Defendant acknowledged he was to exchange the drugs for $110,000 and then he would have returned to California. (Id.). Defendant advised that he would have profited $3,000 his efforts. (Id.).

Defendant pleaded guilty in this Court to possess with intent to distribute methamphetamine, 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). (Id. at 1). The offense carried a maximum penalty of 20 years' imprisonment. (Id. at 9). Defendant's guideline range of

1

imprisonment was 108 to 135 months' imprisonment. (Id.).

This Court then varied two levels from the advisory guideline range and sentenced Defendnat to a term of imprisonment of 96 months. (Doc. No. 53 at 2 and Doc. 54 at 3). According to Federal Bureau of Prison records ("BOP"), Defendant's filings, and the BOP inmate locator, Defendant is now serving his prison sentence at the McRae Correctional Institution in Georgia. He is projected to be released on March 5, 2021. According to the BOP's latest calculation made on August 31, 2020, he was eligible for home detention on September 5, 2020. (Gov't Ex. 1 (RIS Request) at 4). The records show that as of August 31, 2020, calculation date, he has served 78.8 percent of his "full term" and 92.5 percent of his "statutory term." (Id. at 5). BOP records also indicate that Immigration and Customs Enforcement has a detainer lodged against Defendant for possible deportation to Mexico. (Id. at 6).

In June of 2020, Defendant requested that the Bureau of Prisons move for his compassionate release/reduction in sentence, stating that he suffers from Type II diabetes, that he had already served 74 months of his 96-month sentence, and that his medical condition made him a high risk for contracting COVID-19. (Id. at 1). Stacey N. Stone, the Warden of the McRae Correction Facility, denied his appeal, explaining that Defendant failed to "meet the criteria to be considered for a Compassionate Release/Reduction in Sentence." (Id. at 3). Warden Stone's reasons included Defendant's detainer for possible deportation to Mexico, Defendant's age, Defendant's stable medical status, Defendant's drug trafficking conviction, Defendant's sentence and the amount remaining, Defendant's March 5, 2021 release date, and Defendant's inability to provide a release plan. (Id.).

In August of 2020, Defendant filed the motion currently before this Court requesting "compassionate release" under 18 U.S.C. § 3582(c)(1)(A) in the form of a reduction in his prison

sentence to time served. He asserts that he has a diagnosis of Type II diabetes, high cholesterol, and arthritis. He also asserts that the risk that he might become seriously ill if he contracts COVID-19 while in prison warrants a reduction in his sentence. The Government has responded in opposition to the motion.

**II.     DISCUSSION**

The Court denies Defendant's request for a sentence reduction because he has not demonstrated "extraordinary and compelling reasons" warranting release. The relevant part of the statute permits this Court "after considering the factors set forth in section 3553(a) to the extent that they are applicable" to reduce Defendant's sentence only if finds that (1) "extraordinary and compelling reasons warrant such a reduction"; "and" (2) "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The applicable "policy statement" appears in section 1B1.13 of the Sentencing Guidelines Manual. That section and its commentary describe the "circumstances" under which "extraordinary and compelling reasons exist." U.S.S.G. § 1B1.13 & cmt. (n.1). First, the defendant must not be "a danger to the safety of any other person or to the community." Id. Second, one of four specific circumstances must exist involving, for example, the medical condition of the defendant, his age, his family circumstances, or reasons "determined by the Director of the Bureau of Prisons." U.S.S.G. § 1B1.13, cmt. (n.1). One of these circumstances requires that the defendant suffer from "a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13, cmt. (n.1(A)(ii)(I)).

The Court first notes that the medical conditions Defendant identifies as placing him at an

increased risk because of COVID-19 are high cholesterol and Type II diabetes, which his medical records indicate is "type II" diabetes. The Centers for Disease Control and Prevention identify "Type 2 diabetes mellitus" as a condition that places an individual "at increased risk of severe illness from COVID-19." Centers for Disease Control & Prevention, Coronavirus Disease (COVID-19), People with Certain Medical Conditions (September 11, 2020). Defendant asserts Type II diabetes with corroboration in the form of medical records supplied by the Bureau of Prisons, and the Government does not dispute that the condition under the circumstances meets the requirements of U.S.S.G. § 1B1.13, cmt. (n.1(A)(ii)(I)).

The Court finds that, despite Defendant's medical conditions, he has not demonstrated "extraordinary and compelling reasons" warranting a reduction of his sentence to time served. Defendant's crime of conviction demonstrates that he likely remains "a danger to the safety of any other person" and "to the community." U.S.S.G. § 1B1.13, cmt. (n.1). Defendant flew from California into North Carolina while secretly transporting 10 pounds of methamphetamine in a suitcase. Defendant was supposed to provide an unidentified recipient with $110,000 for the methamphetamine. Against this backdrop, Defendant's motion contains nothing that can provide this Court with assurance that Defendant will not endanger the safety of others and the community with further drug trafficking or other criminal activity if this Court reduces his sentence.

Second, 18 U.S.C. § 3582(c)(1)(A) requires this Court to "consider[] the factors set forth in section 3553(a) to the extent that they are applicable" before reducing a sentence, and those factors call for Defendant's prison sentence to remain intact. This Court found 96 months that Defendant is currently serving no greater than necessary to accomplish the sentencing objectives of 3553(a). Defendant has identified nothing that would undermine this Court's finding.

4

Defendant's drug distribution efforts demonstrate his extreme disregard and disrespect for the laws in the United States.  Reducing Defendant's prison sentence would reduce the capacity of that sentence to reflect the seriousness of Defendant's offense, promote respect for the law, and promote just punishment.  Even if Defendant's medical condition presented an extraordinary circumstance, therefore, the compassionate-release statute would not call for any relief.

Finally, even if Defendant met all of the statutory requirements, "compassionate release" is "discretionary, not mandatory," United States v. Chambliss, 948 F.3d 691, 693 (5th Cir. 2020), and this Court will exercise its discretion to deny Defendant's motion.  Defendant's conviction for methamphetamine trafficking contains good reasons that he should continue to serve the sentence this Court lawfully imposed, which has already been substantially reduced through an act of executive clemency.  The Bureau of Prisons continues to undertake "extensive and professional efforts to curtail the virus's spread."  United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020).  And Defendant has not provided this Court with any information suggesting that he would find circumstances on release placing him at a lower risk than he currently faces from COVID-19, let alone circumstances that would appropriately assure the safety of the public.  Defendant also has not shown that his medical conditions, which appear to be managed and stable currently, will be treated outside of prison.  This Court, therefore, has no reason to take the extraordinary step of reducing Defendant's lawfully imposed sentence.

Having thus considered defendant's motion and reviewed the pleadings, the Court enters the following Order.

## ORDER

**IT IS, THEREFORE, ORDERED** that Defendant's Motion for Compassionate Release/Reduction of Sentence, (Doc. No. 66), is **DENIED**.

5

Signed: October 6, 2020

Max O. Cogburn Jr
United States District Judge